# IN THE COURT OF APPEALS OF IOWA

No. 24-1706
Filed January 9, 2025

**IN THE INTEREST OF A.B.-S. and A.B.-S.,**
**Minor Children,**

**N.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Carrie K. Bryner,

Judge.


        A father appeals the termination of his parental rights to two children.

**AFFIRMED.**


        Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

        Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

        Julie Trachta, Linn County Advocate, Cedar Rapids, attorney and guardian

ad litem for minor children.


        Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

The father appeals termination of his parental rights to two children, both born in 2021. We affirm, finding the only issue properly presented concerns the permissive bond exception, and we decline to thwart termination on that basis.

**Background Facts and Proceedings.** This family most recently came to the attention of the Iowa Department of Health and Human Services (HHS) in February 2023 due to the mother's substance abuse. The mother's drug issues led to the children being placed with the father under a safety plan. They remained with the father until he tested positive for methamphetamine. The children were then drug-tested themselves, and one tested positive for ingestion of methamphetamine. The children were removed from the father's custody and placed in a relative placement, where they have remained.

The father denied methamphetamine use, blaming the positive test result in May on an "ecstasy" pill he took in February. But a single pill does not explain the positive hair-stat result, which tested for long-term use. Nor does it explain how the child tested positive for methamphetamine in June. The father's participation with drug-testing varied from regular to inconsistent over the life of the case, and when he went in for a substance-abuse evaluation, he failed to disclose the positive methamphetamine test result, which led to the evaluator not recommending treatment.

Before this most recent involvement with HHS, the department confirmed a report of child abuse against the father for domestic violence perpetrated against the mother outside a social-services office in 2022. Two government employees witnessed the incident, which involved the father grabbing the mother's arm,

bruising her, and threatening to run her and the children over with his car. The father denied the incident, but HHS confirmed the assessment, criminal charges were filed, and the court entered a no-contact order. The father ultimately pled guilty to disorderly conduct. On other occasions that were reported but not criminally charged, the father threatened to kill the mother and her new boyfriend and threw a cup at her that caused an injury requiring stitches. The mother also reported on a separate occasion that the father "whooped her ass" and was generally controlling and emotionally abusive.

In addition to domestic violence, the father has a long criminal history that includes operating while intoxicated, multiple drug-related charges, thefts, escape from custody, interference with official acts, and assault with intent to commit sex abuse causing bodily injury. He remains on the sex offender registry and has been convicted of violating its requirements multiple times. He also violated parole by using controlled substances and absconding from work-release facilities.

The father attended visits with the children, though he was sometimes unprepared—lacking diapers or other needed supplies—and did not give the children his full attention, instead falling asleep and making video calls. For a time, he was having two visits per week, one of which was supervised by the relative placement. But after the father accused the relative of using drugs and harassed her, she was no longer comfortable supervising. The father denied his behavior caused the extra visits to end, blaming the relative instead. His visits progressed to semi-supervised but reverted to fully supervised after a different child was removed from his custody because that child was born positive for methamphetamine.

There was widespread agreement that the father loved the children and was bonded to them. Two of his friends and an ex-girlfriend testified that he was a good father and cared about them. And he told the court he loved them "with all [his] heart."

At trial, the father disputed nearly everything that led up to the termination trial. He downplayed or denied the domestic assaults against the mother. He continued to blame the pill he took while "partying" for the positive methamphetamine test months later. And he denied or tried to explain away instances that HHS and others claimed he was dishonest, manipulative, deceptive, or disparaging toward the court. He told the court he had started anger-management therapy the day before trial. And, on cross-examination, he admitted that a previous partner had also petitioned for relief from domestic violence he perpetrated and that a no-contact order was entered by the court in that case. When asked what he needed to work on to improve his parenting and resume care of the children, he said: "I think that I pretty much mastered being a father."

In its written ruling, the juvenile court made multiple adverse credibility findings:

> The Court does not find [the father] to be credible. He has been found lying and misleading about very large issues and very minor issues continuously throughout this case. Even during his testimony he was giving contradictory statements. Noticeably, he continued to deny any substance use issues, and anger management/domestic violence issues. He also denied the provider's reports of some of the statements he made at visits, or had an explanation for anything that made him look bad. [The father] has lied to the Court and HHS, to his ex-girlfriend and even has a few theft charges. His lack of credibility makes it impossible for the Court to believe his assertions that he is a sober, safe parent.

Related to the father's denial of problems with safety and sobriety, the court found "he did not engage in any services to enable him to make long-term lifestyle changes" and that he was therefore "likely to continue a cycle of domestic violence and substance use issues." One specific instance of dishonesty found by the court was that, when the father had custody of the children in 2023, he lied to HHS and allowed the mother to have unsupervised time with the children—contrary to court orders removing them from the mother's custody due to her methamphetamine use.

The children were doing well in their relative placement, which could be a long-term home for them.

The county attorney, HHS, and the GAL recommended termination of parental rights. The court terminated the father's rights under Iowa Code section 232.116(1)(h) (2024). The mother ultimately consented to termination, and her rights are not at issue in this appeal. The father appeals, and we review de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

**Waiver.** The first heading of the father's petition on appeal refers generally to the State's burden at termination. And the text that follows lists the statutory elements. But the father does not actually levy a challenge to any of these elements, instead complaining that "once [he] lost the trust of [HHS], he was never going to progress in reunification." The State argues we should find this first division of the father's petition is not sufficiently detailed or legally cogent to provide an issue we can review. *See* Iowa Rs. App. P. 6.201(1)(d), .1401–Form 5; *In re K.D.*, No. 21-0581, 2021 WL 3897419, at *2 (Iowa Ct. App. Sept. 1, 2021) (discussing these rules). We agree. We cannot discern any issue appropriate for

analysis on the merits without undertaking the father's research and advocacy for him, and this we are forbidden to do. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

That said, we note in the interest of completeness that we have reviewed the record in its entirety, and we are convinced the State satisfied its burden under section 232.116(1)(h) given the father's longstanding and largely unaddressed history of problems with substance abuse and domestic violence and the juvenile court's express credibility findings about the father's dishonesty and lack of commitment to change. We are similarly satisfied that additional time was not warranted as there was no prospect of the father remedying his deficits in the next six months. *See In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021); *see also* Iowa Code § 232.104(2)(b). We would affirm if the merits were before us.

**Permissive Bond Exception.** The second heading of the father's petition on appeal invokes the permissive bond exception. *See* Iowa Code § 232.116(3)(c). It is not clear to us the juvenile court ruled on the applicability of the exception, but we will assume without deciding error was preserved. A parent resisting termination based on this permissive exception has the burden to prove by clear and convincing evidence that severing their bond with the children would be detrimental. *Id.*; *see W.T.*, 967 N.W.2d at 324. And our case law recognizes that—without more—neither a parent's love nor the mere existence of a bond is enough to prevent termination. *See In re A.B.,* 956 N.W.2d 162, 169–70 (Iowa 2021); *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). The record establishes the father loves his children and that they are bonded. But love and a bond are not enough to justify thwarting an otherwise proper termination. In considering the

facts and circumstances of this case, we decline to apply the bond exception, finding instead that termination is in the children's best interests: they need stability, and the father's history of substance-abuse and domestic-violence problems coupled with his dishonesty demonstrates he cannot provide a safe and sober home now or in the immediate future. *See In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (noting we consider the bond in the context of a case's unique circumstances and the children's best interests).

**AFFIRMED.**